**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

JOHN BARBIERI, individually and on behalf
of all others similarly situated,

                      Plaintiff,

     v.

TAILORED BRANDS, INC.,

                  Defendant.

Civil Action No.  1:22-cv-491 (GLS/DJS)

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

---

## <u>NATURE OF THE ACTION</u>

1.      This is a class action on behalf of all of Defendant Tailored Brands, Inc.'s ("Defendant") employees in the State of New York that engage in manual work in the course of their employment.

2.      New York Law requires companies to pay their manual workers on a weekly basis unless they receive an express authorization to pay on a semi-monthly basis from the New York State Department of Labor Commissioner.  *See* New York Labor Law ("NYLL"), Article 6, §191.

3.      Defendant has received no such authorization from the New York State Department of Labor Commissioner.

4.      The New York Court Of Appeals has explained that this law is "intended for the protection of those who are dependent upon their wages for sustenance." *People v. Vetri*, 309 N.Y. 401, 405 (citing former Labor Law § 196).

5.      Defendant has violated this law by paying its manual workers every other week rather than on a weekly basis.

6.      Plaintiff therefore demands liquidated damages, interest, and attorneys' fees on

behalf of himself and a putative class comprised of all manual workers employed by Defendant in New York State from December 1, 2020 to the present.

## JURISDICTION AND VENUE

7.     This Court has personal jurisdiction over Defendant because Defendant conducts significant business in New York.  Defendant owns and operates numerous retail clothing store locations within New York.

8.     This Court has subject matter jurisdiction over this proposed class action pursuant to 28 U.S.C. § 1332(d), which, under the provisions of the Class Action Fairness Act ("CAFA"), explicitly provides for the original jurisdiction of the federal courts in any class action in which at least 100 members are in the proposed plaintiff class, any member of the plaintiff class is a citizen of a State different from any defendant, and the matter in controversy exceeds the sum of $5,000,000.00, exclusive of interest and costs.  Plaintiff alleges that the total claims of individual members of the proposed Class (as defined herein) are well in excess of $5,000,000.00 in the aggregate, exclusive of interest and costs.

9.     Venue is proper in this District under 28 U.S.C. § 1391(b)(1) because this is a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

## PARTIES

10.     Defendant Tailored Brands, Inc. is a Texas corporation with a principal place of business in Houston, Texas.  Defendant owns a chain of retail stores[1] that employ hundreds, if not thousands, of manual workers in the State of New York.

11.     Plaintiff John Barbieri is a citizen of New York who resides in Gansevoort, New

---

[1] The retail stores include but are not limited to Men's Wearhouse and Jos. A. Bank.

York.  Plaintiff has been employed by Defendant since approximately 2016 as a tailor at a Jos. A

Bank store located in Saratoga Springs, New York.  At least 25% of Plaintiff's job

responsibilities at Jos. A Bank Warehouse include manual labor, including tasks such as

operating machinery to perform alterations, assisting customers with sizing and measurements,

organizing and cleaning the tailor shop, and pressing garments.  Plaintiff was paid every other

week, rather than weekly, during the entirety of his employment with Defendant.  Thus, for half

of each biweekly pay period, Plaintiff was injured in that he was temporarily deprived of money

owed to him, and he could not invest, earn interest on, or otherwise use these monies that were

rightfully his.  Accordingly, every day that said money was not paid to him in a timely fashion,

he lost the time value of that money.

**CLASS ACTION ALLEGATIONS**

12.     Pursuant to Fed. R. Civ. P. 23, Plaintiff seeks to represent a class defined as all

persons who worked as manual workers in their employment for Defendant in the State of New

York from December 1, 2020 to the present (the "Class").

13.     Members of the Class are so numerous that their individual joinder herein is

impracticable.  On information and belief, members of the Class number in the thousands.  The

precise number of Class members and their identities are unknown to Plaintiff at this time but

may be determined through discovery.  Class members may be notified of the pendency of this

action by mail and/or publication through the employment records of Defendant.

14.     Common questions of law and fact exist as to all Class members and predominate

over questions affecting only individual Class members.  Common legal and factual questions

include, but are not limited to:  whether Defendant was required to pay class members on a

weekly basis, whether class members were paid on a weekly basis, and whether Defendant

violated NYLL § 191.

3

15.     The claims of the named Plaintiff are typical of the claims of the Class in that the named Plaintiff worked as a manual worker for Defendant during the class period but was not provided with compensation for his work on a weekly basis.

16.     Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class members he seeks to represent, he has retained competent counsel experienced in prosecuting class actions, and he intends to prosecute this action vigorously.  The interests of Class members will be fairly and adequately protected by Plaintiff and his counsel.

17.     The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of the Class members.  Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability.  Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case.  Individualized litigation also presents a potential for inconsistent or contradictory judgments.  In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability.  Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## CLAIMS FOR RELIEF

### COUNT I

**New York Labor Law – Failure to Pay Timely Wages**

18.     Plaintiff realleges and incorporates by reference all allegations in all preceding

paragraphs.

19.     The timely payment of wages provisions, NYLL § 191, and its supporting

regulations apply to Defendant and protect Plaintiff and the Class.

20.     Defendant failed to pay Plaintiff and the Class on a timely basis as required by

NYLL § 191(1)(a).

21.     Due to Defendant's violations of the NYLL, Plaintiff and the Class are

entitled to recover from Defendant the amount of their untimely paid wages as liquidated

damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest as

provided for by NYLL § 198.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated,

seeks judgment against Defendant, as follows:

a.     For an order certifying the Class under Rule 23 of the Federal Rules of Civil
Procedure and naming Plaintiff as a representative of the Class and Plaintiff's
attorneys as Class Counsel to represent the Class members;

b.     For an order declaring Defendant's conduct violates the law referenced herein;

c.     For an order finding in favor of Plaintiff and the Class on the count asserted
herein;

d.     For liquidated damages in amounts to be determined by the Court and/or jury;

e.     For prejudgment interest on all amounts awarded; and

f.     For an order awarding Plaintiff and the Class their reasonable attorneys' fees,
expenses, and costs of suit.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any

and all issues in this action so triable of right.

Dated:  May 11, 2022

Respectfully Submitted,

**BURSOR & FISHER, P.A**

By:  */s/ Philip L. Fraietta*
        Philip L. Fraietta

Yitzchak Kopel (*pro hac vice* forthcoming)
Philip L. Fraietta
888 Seventh Avenue
New York, NY  10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
Email:  ykopel@bursor.com
            pfraietta@bursor.com

*Counsel for Plaintiff*